R. G. INSCOE v. GLOBE JEWELRY COMPANY ET AL.

(Filed 1 April, 1931.)

**Master and Servant D a—Held: relation of employer and independent contractor existed and employer was not liable for wrongful act of contractor.**

Under a contract to collect accounts upon a percentage basis where the collecting agent is to use its own methods independently of and free from control by the employer, the relation of employer and independent contractor is created, and where the collector in collecting a debt has the debtor wrongfully and unlawfully arrested upon a criminal charge, the employer under the terms of the contract is not liable in damages resulting to the debtor therefrom.

APPEAL by plaintiff from *Grady, J.,* at January Term, 1931, of DURHAM. Affirmed.

This is an action to recover of defendants damages for the wrongful and unlawful arrest of plaintiff.

It is alleged in the complaint that the arrest was made by the defendant, G. H. Walsh, an employee of the defendant, National Detective Bureau, a corporation, for the purpose of enforcing the collection of an account due by plaintiff to the defendant, Globe Jewelry Company, and that in making said wrongful and unlawful arrest, the defendant, G. H. Walsh, and the defendant, National Detective Bureau, were acting as agents of the defendant, Globe Jewelry Company. This allegation is denied by the defendant, Globe Jewelry Company.

There was evidence tending to show that plaintiff was wrongfully and unlawfully arrested by the defendant, G. H. Walsh, an employee of the defendant, National Detective Bureau, a corporation, for the purpose of thereby enforcing the collection of an account due by plaintiff to the defendant, Globe Jewelry Company, and that as the result of such arrest, plaintiff sustained damages as alleged in the complaint. There was evidence also tending to show that the defendant, Globe Jewelry Company, had entered into a contract in writing with the defendant, National Detective Bureau, by which the said company agreed to pay to the said bureau 25 per cent of all amounts collected by said bureau on accounts due said company by its customers. As the result of the wrongful and unlawful arrest of the plaintiff in the instant case, the defendant, National Detective Bureau, collected from plaintiff a sum of money for which it accounted to the defendant, Globe Jewelry Company, in accordance with the terms of the contract.

At the close of all the evidence the defendant, Globe Jewelry Company, moved that the action as against said defendant be dismissed as of nonsuit. This motion was allowed and plaintiff excepted. On the verdict, judgment was rendered that plaintiff recover of the defendants, G. H. Walsh, and National Detective Bureau, his damages as assessed by the jury.

From judgment dismissing the action as to the defendant, Globe Jewelry Company, plaintiff appealed to the Supreme Court.

*M. M. Leggett and B. Ray Olive for plaintiff.*
*Brawley & Gantt for defendant.*

PER CURIAM. The relation between the defendant, Globe Jewelry Company, and the defendant, National Detective Bureau, as established by the contract in writing offered in evidence by the plaintiff, with respect to the collection of accounts due by its customers to the company, is not that of principal and agent, or of master and servant; it is rather that of employer and independent contractor. 14 R. C. L., 67.

By the terms of the contract the Detective Bureau, among other things, agreed to undertake the collection of accounts due the com-

pany by its customers, and the company agreed to pay to the Detective Bureau as commissions for its services in making collections, 25 per cent of the amounts collected on said accounts. The company had no right under the contract to direct the manner in which the accounts should be collected, or to control the Detective Bureau while undertaking to collect the accounts. The Detective Bureau was not the agent or servant of the company. It undertook to collect the accounts in its own way free from the control of its employer, Globe Jewelry Company.

On the facts shown by all the evidence, the defendant, Globe Jewelry Company, was not liable to the plaintiff for the conduct of the defendant, National Detective Bureau or its employee, G. H. Walsh, which, as shown by all the evidence, was wrongful and unlawful. There was no error in the judgment dismissing the action of plaintiff as to the defendant, Globe Jewelry Company. The judgment is

Affirmed.